**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:


RAMON ROMÁN,
on his own behalf and
on behalf of all others similarly situated

Plaintiff,

v.


MORCONAVA GROUP, LLC
d/b/a SANTIAGO'S MEXICAN
RESTAURANT,
SANTIAGO'S MEXICAN
RESTAURANT, and
CARMEN MORALES,

Defendants.

---

**CLASS ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiff Ramon Román, by and through undersigned counsel, files this Class

Action Complaint for Unpaid Wages against the above-named Defendants. Plaintiff asserts his

Count I, II, III and IV claims for unpaid overtime wages and associated damages and penalties,

on behalf of himself only.  Plaintiff asserts his Count V claim for denial of compensated rest

breaks on behalf of himself and of all others similarly situated.

**<u>STATEMENT OF THE CASE</u>**

1.      Plaintiff was formerly employed by Defendants to work as a cook in the kitchen

of their Santiago's Mexican Restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222.

2.     Defendants failed to pay the Plaintiff all required overtime wages for hours he worked.

3.     Defendants failed to grant the Plaintiff and all others similarly situated mandatory, compensated rest periods and failed to compensate them for denial of these compensated rest periods in violation of the Colorado Overtime and Minimum Pay Standards Order (and of predecessor Wage Orders), 7 C.C.R. 1103-1.

4.     Defendants' conduct violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et. seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.*, the Denver Minimum Wage Ordinance, D.R.M.C. Ch. 58, Sec. 58-16, *et. seq.,* the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1 and predecessor Minimum Wage Orders.

## PARTIES, JURISDICTION, AND VENUE

5.     Plaintiff Ramon Román was employed by Defendants from approximately July of 2018 through approximately January 21, 2022. During that time, he performed kitchen work in Defendants' Santiago's Mexican Restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222.  Plaintiff's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

6.     Defendant Morconava Group, LLC is a limited liability company organized under the Colorado Limited Liability Company Act with a principal street address of 2350 S. Krameria St. Denver, CO 80222.

7.      Santiago's Mexican Restaurant is a registered trade name of Morconava Group, LLC.

8.      At all times relevant to this action, Defendants operated a restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222 and doing business as Santiago's Mexican Restaurant.

9.      Defendant Santiago's Mexican Restaurant ("Defendant Santiago's") is registered in good standing to do business in Colorado and is located in the City of Brighton, Adams County, State of Colorado.

10.     Santiago's Mexican Restaurant was founded by Defendant Carmen Morales in 1990.

11.     Upon information and belief, Defendant Carmen Morales is the principal of Santiago's Mexican Restaurant.

12.     Upon information and belief, Defendant Carmen Morales exercises day to day operational control over Santiago's Mexican Restaurant.

13.     Upon information and belief, Defendant Carmen Morales possesses and exercises the authority to hire and fire employees of Santiago's Mexican Restaurant.

14.     Defendant Carmen Morales ("Defendant Morales") is a natural person who maintains a principal address of 16698 Leyden St., Brighton, CO 80602.

15.     Defendant Morales is the principal owner and manager of Morconava Group, LLC.

16.     Defendant Morales was a founding member of Defendant Morconava Group, LLC.

17.     Upon information and belief, Defendant Morales owns a controlling interest in Defendant Morconava Group, LLC.

18.     Defendant Morales possessed the authority to hire and fire the Plaintiff and his co-workers.

19.     Defendant Morales signed the pay checks issued to Plaintiff by Morconava Group, LLC/ Santiago's Mexican Restaurant.

20.     Defendant Morales possessed and exercised significant financial control over Defendant Morconva Group, LLC.

21.     Defendant Morales is the majority owner of the Santiago's Mexican Restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222 at which Defendants employed Plaintiff.

22.     Upon information and belief, Defendant Morales is the majority owner of multiple Santiago's Mexican Restaurant locations in Colorado.

23.     Upon information and belief, Defendant Morales established common business practices across the Santiago's Mexican Restaurant locations of which she is the majority owner.

24.     Upon information and belief, Defendant Morales has the authority to establish compensation and rest break policies at the Santiago's Mexican Restaurant locations of which she is the majority owner.

25.     Upon information and belief, Defendant Morales approved policies and procedures developed with regard to payment of overtime and rest break compensation to workers employed at the Santiago's Mexican Restaurant locations of which she is the majority owner.

26.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq*.

27.     Plaintiff requests that this Court exercise supplemental jurisdiction over his state law claims arising under the MWA, the CWCA and the COMPS Order. 28 U.S.C. § 1367.

28.     Venue is proper pursuant to 28 U.SC. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

### FACTUAL ALLEGATIONS

### Failure to Pay Overtime Wages

29.     Defendants employed the Plaintiff as a cook in their Santiago's Mexican Restaurant at times during 2018, 2019, 2020, 2021 and 2022.

30.     Defendants employed the Plaintiff within the State of Colorado.

31.     Plaintiff performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff was to perform.

32.     In 2019, 2020 2021 and 2022, Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

33.     Each year relevant to this action, the Plaintiff handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in

interstate commerce.

34.     Defendants employed the Plaintiff in interstate commerce.

35.     Defendants scheduled, directed and controlled the Plaintiff's work.

36.     Plaintiff's primary job duty was to cook.

37.     Throughout his employment, with the exception of one month of sick leave, the Plaintiff regularly worked a weekly schedule in excess of 40 hours per week for Defendants.

38.     Though Plaintiff regularly worked more than 40 hours each workweek, Defendant failed to pay him overtime premiums for overtime hours worked.

39.     Rather than pay him overtime premiums, Defendants paid the Plaintiff on a flat salary basis, without increase after 40 hours worked.

## Failure to Provide Mandatory Compensated Rest Breaks

40.     Defendant Santiago's employed the Plaintiff and numerous other individuals ("others") in approximately twenty-seven (27) restaurants located in Colorado.

41.     Defendant Morales employed the Plaintiff and numerous other individuals ("others") in the various Santiago's Mexican Restaurant locations of which she is the majority owner.

42.     Plaintiff and others routinely worked shifts in excess of 4 hours for Defendants.

43.     Defendants regularly failed to provide the Plaintiff and others required, compensated rest breaks of ten minutes for each four hours of work.

44.     Defendants did not supplement the pay given the Plaintiff and others for denial of required, compensated rest breaks.

45.     When the Plaintiff and others were required to work through their ten-minute rest

periods, their shifts were effectively extended by 10 minutes for each four hours of duration. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiff and others similarly situated.

46.    Defendants thereby failed to pay the Plaintiff and others all required minimum and overtime wages.

## CLASS ACTION ALLEGATIONS

### Count V – Failure to Provide Compensated Rest Breaks
### Violation of 7 CCR 1103-1

47.    Plaintiff Ramon Román brings his Count V claims pursuant to the COMPS Order, 7 CRR 1103-1 against Defendant Santiago's and on behalf of a putative class preliminarily defined as:

> All non-exempt workers (subject to the COMPS Order or predecessor Wage Orders) employed at any time between April 14, 2016 and the present in any Santiago's Mexican Restaurant.

48.    Plaintiff Ramon Román brings his Count V claims pursuant to the COMPS Order, 7 CRR 1103-1 against Defendant Morales and on behalf of a putative sub-class preliminarily defined as:

> All non-exempt workers (subject to the COMPS Order or predecessor Wage Orders) employed at any time between April 14, 2016 and the present in any Santiago's Mexican Restaurant of which Carmen Morales was the majority owner.

49.    Plaintiff and the classes he alleges meet the applicable requirements of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiff poses claims typical and representative of the claims of the class, and he will fairly and adequately represent the class' interests.

50.     Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).  Plaintiff is not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely difficulties in managing a class action.

51.     While the exact number of the members of the alleged class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are over 100 individuals in each alleged class.

52.     Common questions of law and fact exist as to the classes that predominate over any questions affecting only the class members individually and include, but are not limited to, the following:

       a.   Whether Defendants failed to provide mandatory, duty-free, compensated rest breaks; and

       b.   Whether Defendants failed to make required payments to class members for required rest breaks they were denied.

**CLAIMS FOR RELIEF**

**COUNT I – Failure to Pay Overtime Wages**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

53.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-39 above as if fully set forth herein.

54.     This Count is asserted by Plaintiff Ramon Román against all Defendants. Plaintiff Roman asserts this individual claim on his own behalf only.

55.     Plaintiffs was an "employee" as that term is defined by the FLSA.  29

8

U.S.C. § 203(e).

56.     Defendants "employed" the Plaintiff as that term is defined by the FLSA. 29

U.S.C. § 203(g)

57.     Defendants were Plaintiff's "employers" as that term is defined by the

FLSA.  29 U.S.C. § 203(d).

58.     Defendants employed the Plaintiff in an enterprise "engaged in commerce or in

the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

59.     Defendants violated the FLSA when they failed to pay the Plaintiff overtime

premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

60.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

61.     Plaintiff has suffered lost wages and lost use of those wages in an amount to be

determined at trial.

62.     Plaintiff is entitled to recover unpaid wages, overtime premiums, liquidated

damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Overtime Wages
### Violation of Colorado Minimum Wage Act, C.R.S. § 8-6-101, et. seq.

63.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-39

above as if fully set forth herein.

64.     This Count is asserted by Plaintiff Ramon Román against all Defendants.

Plaintiff Roman asserts this individual claim on his own behalf only.

65.     This Count seeks the recovery of unpaid overtime wages arising from work

performed between January 1, 2018 and January 21, 2022.

66.     Defendants were Plaintiff's "employers" because they suffered or permitted the

Plaintiff to work and acted directly or indirectly in the interests of an employer in relation

to the Plaintiff.  7   C.C.R. 1103-1¶ 1.6(A).

67.     Plaintiff was Defendants' "employee" because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

68.     Defendants employed the Plaintiff in a business which prepared and offered for sale food or beverages for consumption either on or off the premises.

69.     Defendants employed the Plaintiff in an industry regulated by Wage Orders # 34 and 35. 7 C.C.R. 1103-1 ¶ 2(C).

70.     Defendants employed the Plaintiff in an industry regulated by COMPS Orders 36 and 37. 7 C.C.R. 1103-1.

71.     The COMPS Order and predecessor Wage Orders required the payment of overtime hours at a rate not less than one-and-one-half times the Plaintiff's regular rate of pay.  7 C.C.R. 1103-1 ¶ 4.1.1(A).

72.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff overtime wages for hours worked over forty in each given workweek. 7 C.C.R. 1103-1¶ 4.1.1(A).

73.     When Defendants failed to make payments in compliance with the COMPS Order and predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1, they failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

74.     Defendants' failure to make payments required by the COMPS Order and predecessor Colorado Minimum Wage Orders violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

75.    As a result of Defendants' violations of law, Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

76.    Plaintiffs and others are entitled to recover in this civil action the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

## COUNT III – Failure to Pay Overtime Wages
### Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

77.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-39 above as if fully set forth herein.

78.    Plaintiff asserts this Count on his own behalf against all Defendants.

79.    Plaintiff is a former employee of Defendants.

80.    This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between April 14, 2019 and January 21, 2022.

81.    Defendants were Plaintiff's "employers" as that term is defined by the CWCA, because they suffered or permitted the Plaintiff to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff.  C.R.S.§ 8-4-101(6).

82.    Plaintiff was Defendants' "employee" as that term is defined by the CWCA, because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employers. C.R.S. § 8-4-101(5).

83.    Defendants employed the Plaintiff in a business which prepared and offered for sale food or beverages for consumption either on or off the premises.

84.    Defendants employed the Plaintiff in an industry regulated by Wage Order # 35.

7 C.C.R. 1103-1 ¶ 2(C).

85.     Defendants employed the Plaintiff in an industry regulated by COMPS Orders 36, 37 and 38.

86.     The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A). Defendants failed to make these payments.

87.     Defendants failed to compensate the Plaintiff for the earned, vested and determinable wages or compensation recited above at the time of his separation from employment. C.R.S. § 8-4-109.

88.     As a result, the Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

89.     Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### COUNT IV – Failure to Pay Overtime Wages
### Violation of the Denver Minimum Wage Ordinance,
### Denver Revised Municipal Code ("D.R.M.C."), Chapter 58, Art. II, Sec. 58-16, et. seq.

90.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-39 and 66-72 above as if fully set forth herein.

91.     Plaintiff asserts this Count on his own behalf against all Defendants.

92.     This Count seeks recovery of unpaid overtime wages due for work performed at times between January 1, 2020 and January 21, 2022.

93.     Plaintiff was a "worker" as that term is defined by the Denver Minimum Wage Ordinance because he performed work on behalf of or for the benefit of Defendants. D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

94.     Defendants were Plaintiff's "employers" as that term is defined by the Denver Minimum Wage Ordinance because they acted directly or indirectly in the interests of any employer in relation to the Plaintiff.  D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

95.     The Defendants "employed" the Plaintiff as that term is defined by the Denver Minimum Wage Ordinance because they suffered or permitted him to work.  D.R.M.C. Ch. 58, Art. II, Sec. 58-18(e).

96.     Plaintiff was employed to cook at the Santiago's Mexican Restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222.

97.     Plaintiff performed all of his work for Defendants within the City of Denver, Colorado.

98.     Defendants employed the Plaintiff within the City of Denver, Colorado at all times between the January 1, 2020 effective date of the Denver Minimum Wage Ordinance and his January 2022 separation from employment.

99.     When Defendants paid the Plaintiff a flat salary without increase for overtime premiums, they violated the Denver Minimum Wage Ordinance.

100.     Plaintiff is entitled to recover his unpaid overtime wages, interest at a rate of twelve (12) percent per annum from the date such wages were first due, an additional sum as a penalty in the amount of $100 for each day that the violation occurred or continued, and liquidated damages in an amount equal to three times the amount of unpaid overtime compensation. D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

101.     Plaintiff is entitled to an award of reasonable attorney fees and costs.

D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

**COUNT V – Failure to Provide Compensated Rest Breaks**
**Violation of Colorado Overtime and Minimum Pay Standards (COMPS)Order**
**and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1**

102.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-28 and

40-52 above as if fully set forth herein.

103.    Plaintiff Ramon Román asserts this claim against Defendants Santiago's

Mexican Restaurant and Carmen Morales.  This claim is not asserted against

Defendant Morconava Group, LLC.

104.    Plaintiff Ramon Román asserts this claim against Defendant Santiago's on

behalf of himself and a putative class preliminarily defined as:

> All non-exempt workers (subject to the COMPS Order or predecessor Wage Orders) employed at any time between April 14, 2016 and the present in any Santiago's Mexican Restaurant.

105.    Plaintiff Ramon Román asserts this claim against Defendant Morales on

behalf of himself and a putative sub-class preliminarily defined as:

> All non-exempt workers (subject to the COMPS Order or predecessor Wage Orders) employed at any time between April 14, 2016 and the present in any Santiago's Mexican Restaurant of which Carmen Morales was the majority owner.

106.    This Count seeks the recovery of unpaid minimum and overtime wages arising

from mandatory rest breaks denied between April 14, 2016 and the present.

107.    Defendants were Plaintiff's and others' "employers" as that term is defined by

the COMPS Order because they suffered or permitted them to work and acted directly or

indirectly in the interests of an employer in relation to the Plaintiff and others.  7

C.C.R. 1103-1¶ 1.6(A).

108.    Plaintiff and others were Defendants' "employees" as that term is defined by

the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of their employers.  7 C.C.R. 1103-1 ¶ 1.5(A).

109.    Defendants employed the Plaintiff and others in a business which prepared and offered for sale food or beverages for consumption either on or off the premises.

110.    Defendants employed the Plaintiff and others in an industry regulated by Wage Orders # 32, 33, 34 and 35. 7 C.C.R. 1103-1 ¶ 2(C).

111.    Defendants employed the Plaintiff in an industry regulated by COMPS Orders 36, 37 and 38. 7 C.C.R. 1103-1.

112.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to authorize and permit the Plaintiff and others to take compensated ten minute rest periods for each four hours (or major fractions thereof) worked. 7 C.C.R. 1103-1 ¶¶ 5.2.3, 5.2.4.

113.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to make minimum and overtime wage payments to the Plaintiffs and others to compensate them for mandatory rest breaks they were denied.

114.    As a result, the Plaintiff and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

115.    Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

As to his Count I claim brought under the FLSA, Plaintiff respectfully requests an Order

from the Court that:

    a.   Plaintiff be awarded unpaid overtime wages;

    b.   Plaintiff be awarded liquidated damages as required by law;

    c.   Plaintiff be awarded costs and attorney fees per 29 U.S.C. § 216(b); and

    d.   Plaintiffs be awarded such other and further relief asmay be necessary and
       appropriate.

As to his Count II claim brought under the CMWA, Plaintiff respectfully requests an

Order from the Court that:

    a.   Plaintiff be awarded the unpaid balance of the full amount of minimum and
       overtime wages owed to him and any costs or attorney's fees due.  C.R.S. §
       8-6-118.

    b.   Plaintiff be awarded such other and further relief as be necessary
       and appropriate.

As to his Count III Claim brought under the Colorado Wage Claim Act, Plaintiff

respectfully requests an Order from the Court that:

    a.   Plaintiff be awarded the unpaid balance of the full amount of wages owed to
       him, any statutory penalties due, and any costs or attorney's fees due.  C.R.S.
       § 8-4-109; C.R.S. § 8-4-110.

    b.   Plaintiff be awarded such other and further relief as may be necessaryand
       appropriate.

As to his Count IV Claim brought under the Denver Minimum Wage Ordinance,

Plaintiff respectfully requests an Order from the Court that:

    a.   Plaintiff be awarded his unpaid overtime wages, interest at a rate of twelve
       (12)  percent per annum from the date such wages were first due, an additional
       sum as a penalty in the amount of $100 for each day that the violation occurred or
       continued, and liquidated damages in an amount equal to three times the amount
       of unpaid overtime compensation. D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

b.  Plaintiff be awarded an award of reasonable attorney fees and costs.  D.R.M.C. Ch. 58, Art. II, Sec. 58-16(j).

As to his Count V Claim brought under the COMPS Order and Predecessor Wage Orders, Plaintiff respectfully requests an Order from the Court that:

a.  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b.  Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's feesdue.  7 CCR 1103-1 ¶8.1(A).

c.   Plaintiffs and others be awarded such other and further relief as may benecessary and appropriate.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
2400 Broadway – Suite B
Boulder, CO. 80304
303-305-8230
andrew@milsteinturner.com

*Counsel for Plaintiffs*