IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0907-WJM-SKC

RAMON ROMÁN, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

MORCONAVA GROUP, LLC, d/b/a SANTIAGO'S MEXICAN RESTAURANT,
SANTIAGO'S MEXICAN RESTAURANT, and
CARMEN MORALES,

    Defendants.

---

### ORDER GRANTING DEFENDANTS' EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Before the Court is Defendants Morconava Group, LLC d/b/a Santiago's Mexican Restaurant, Santiago's Mexican Restaurant, and Carmen Morales (collectively, "Defendants") Early Motion for Partial Summary Judgment ("Motion"). (ECF No. 22.) Plaintiff Ramon Román filed a response (ECF No. 23), and Defendants filed a reply (ECF No. 24). Because Defendants raised what could be considered a new argument in their reply brief, the Court permitted Plaintiff to file a sur-reply. (ECF Nos. 25, 29.) For the following reasons, the Motion is granted.

### I. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the

relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. MATERIAL FACTS[1]

Plaintiff was employed by Morconava Group, LLC from approximately July 2018 through January 21, 2022 as a cook at its restaurant located at 6365 E. Hampden Ave., Denver, Colorado 80222. (ECF No. 1 ¶¶ 1, 5.)

Plaintiff's second claim alleges violation of the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et. seq.* as implemented by 7 C.C.R. 1103-1 (renamed the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order")) and predecessor Wage Orders. (*Id.* ¶¶ 72–76.) In his second claim, Plaintiff seeks to recover unpaid overtime wages arising from work performed between January 1, 2018 and January 21, 2022.[2] (*Id.* ¶ 65.)

---

[1] The following factual summary is largely based on the briefing on the Motion and documents submitted in support thereof. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination. Facts disputed by the parties are noted as such.

[2] The Court notes an apparent discrepancy in the Complaint in that Plaintiff alleges he

Plaintiff's fifth claim alleges violation of the COMPS Order and predecessor Wage Orders, 7 C.C.R. 1103-1.  (ECF No. 1 at ¶¶ 112–15.)  In his fifth claim, Plaintiff seeks recovery of unpaid minimum and overtime wages arising from mandatory rest breaks denied between April 14, 2016 and the present, on behalf of himself and a class of similarly situated individuals.  (*Id.* ¶¶ 104–06).

### III. ANALYSIS

The sole dispute raised in the Motion concerns the applicable statute of limitations governing Plaintiff's claims 2 and 5.  The CMWA (which is implemented through the relevant Colorado Minimum Wage Orders and COMPS Orders) does not contain its own statute of limitations.  *Balle-Tun v. Zeng & Wong, Inc.*, 2022 WL 1521767, at *2 (D. Colo. May 13, 2022).  Further, the applicable minimum wage orders and COMPS Orders do not expressly provide a statute of limitations for bringing a private right of action.  *See id.*  The CMWA is codified in Article 6 of Title 8.  *Id.* at *3.  Article 6, on which Plaintiff relies to support his second and fifth claims for relief, does not contain a specific limitations period.  On all of this, it appears, the parties agree.  (*See* ECF No. 22 at 4; ECF No. 23 at 2.)

However, they do dispute what statute of limitations the Court should apply.  Two (or three) Colorado statutory provisions concerning statute of limitations are relevant to resolving the Motion.[3]  On one hand, Defendants argue that C.R.S. § 13-80-102(1)(i),

---

started working for Defendants in July 2018 but requests unpaid overtime wages for work performed beginning in January 2018 in his second claim.

[3] In their opening brief, Defendants argued that C.R.S. § 8-4-122, which provides for a two-year statute of limitations, applies.  (ECF No. 22.)  However, in their reply brief, Defendants pivot and argue that C.R.S. § 13-80-102(1)(i), which also provides for a two-year statute of limitations, applies.  (*See* ECF No. 24 at 3.)  Therefore, because Defendants have apparently abandoned their argument that § 8-4-122 applies, the Court addresses it no further.

3

which provides that Colorado's two-year statute of limitations applies to "[a]ll other actions of every kind for which no other period of limitation is provided," applies to claims 2 and 5. (ECF No. 24 at 2.)

On the other hand, Plaintiff argues that C.R.S. § 13-80-103.5(1)(a) applies. (ECF Nos. 23, 29.) That section provides that

> (1) [t]he following actions shall be commenced within six years after the cause of action accrues and not thereafter:
>
> (a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt; except that actions to recover pursuant to section 38-35-124.5(3), C.R.S., shall be commenced within one year . . . .

C.R.S. § 13-80-103.5(1)(a).

"[I]t is the nature of the right sued upon and not the nature of the relief demanded which governs the applicability of a statute of limitations." *McDowell v. United States*, 870 P.2d 656, 661 (Colo. App. 1994). When determining which of two possibly applicable statutes of limitations applies, the Colorado Supreme Court instructs that courts consider the following rules of statutory construction: (1) a later enacted statute should be applied over an earlier enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable statutes should be applied." *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995) (citing *Dawson v. Reider*, 872 P.2d 212, 214 (Colo. 1994)). However, the third rule is the "rule of last resort," *BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 814 (Colo. 2008).

4

The Court examines the two Colorado general statutes of limitation, which both arise under title 13, article 80.  Section 13-80-102 became effective on July 1, 2014, and § 13-80-103.5 became effective August 7, 2013.  Thus, the former is the later-enacted statute.  However, this does not end the inquiry.

Section 13-80-103.5(1)(a), which applies to "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money" is arguably more specific than § 13-80-102(1)(i), which is something of a catch-all limitation period for actions for which no other limitations period is provided.

In *Sobolewski v. Boselli & Sons*, LLC, 342 F. Supp. 3d 1178 (D. Colo. 2018), United States District Judge Raymond P. Moore examined these precise statutory provisions.  As in this case, the claims in *Sobolewski* arose by statute—Colorado Revised Statutes provisions implemented by the COMPS Order.  *Id.* at 1188.  Therefore, Judge Moore concluded that the claims in *Sobolewski* were "neither based in contract nor tort, making inapplicable the general limitations on actions found in Colo. Rev. Stat. § 13-80-101 (3 years for contract actions) and Colo. Rev. Stat. § 13-80-102 (2 years for tort actions)."  *Id.* at 1188–89.  Further, Judge Moore explained that

> [n]either of the parties nor the Court's research has identified a general limitations period more applicable to Plaintiff's claims than Colo. Rev. Stat. § 13-80-103.5(1)(a), which applies to a "liquidated debt" or an "unliquidated, determinable amount."  *Portercare Adventist Health Sys. v. Lego*, 286 P.3d 525, 528 (Colo. 2012); *Interbank Investments, L.L.C. v. Vail Valley Consol. Water Dist*., 12 P.3d 1224, 1230 (Colo. App. 2000) (applying Colo. Rev. Stat. § 13-80-103.5(1)(a)'s six-year statute of limitations where dispute was over amount of compensation owed).  Because Section 13-80-103.5(1)(a) is most applicable to Plaintiff's claims under the Wage Order, and it is the longer of the potentially applicable periods of limitations, the Court relies on the "rule of last resort" and finds the longer statute

5

> of limitations should be applied to Plaintiff's claims brought pursuant to the Wage Order. *Patterson*, 185 P.3d 811, 814-15 (Colo. 2008).

He did not, however, address § 13-80-102(1)(i) before moving on to apply § 13-80-103.5(1)(a) under the "rule of last resort."

Defendants argue that Judge Moore misread § 13-80-102 by finding that it applied only to contract and tort actions. (ECF No. 24 at 2.) Instead, Defendants contend that § 13-80-102 applies to "far more than just contract or tort actions," citing subsections (b)–(k), which cover myriad actions, from all actions for strict liability, to all actions against any veterinarian, to all actions (except certain ones) for wrongful death. (*Id.*) Thus, Defendants assert that

> even if it could be said that the COMPS Order did not specifically incorporate the two and three year statutes of limitation from C.R.S. § 8-4-122, the COMPS Order's failure to provide a limitations period is specifically addressed by C.R.S. § 13-80-102(1)(i), requiring that any claim based thereon is brought within two years. Thus, regardless of how this court reads the COMPS Order and C.R.S. § 8-6-101, *et seq.*, the applicable statute of limitations is either two or three years.

(*Id.* at 3.)

The Court agrees. Although Plaintiff argues that the Court should apply § 13-80-103.5(1)(a), the Court agrees with Judge Moore's initial observation that the claims in *Sobolewski*—like the claims in this case—did not arise in contract or tort; rather, they were statutory claims. The cases upon which Plaintiff relies do not apply a six-year statute of limitations to wage and hour claims arising outside of a contract. *See, e.g., Torres-Vallejo v. CreativExteriors, Inc.*, 220 F. Supp. 3d 1074, 1085 (D. Colo. 2016) (citing *Interbank Investments, LLC. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224,

6

1230 (Colo. App. 2000) and *Portercare Adventist Health Sys. v. Lego,* 286 P.3d 525, 528 (Colo. 2012)).  And the Court finds that Plaintiff's argument in a footnote that his "wage claims are fundamentally contractual" is simply too much of a stretch.  (ECF No. 29 at 3.)  Further bolstering the Court's conclusion is the fact that it appears as though Judge Moore would have stopped at § 13-80-102 and applied it had he analyzed § 13-80-102(1)(i).  Though it remains unclear why he did not examine that subsection, it *is* clear that he only reached and applied § 13-80-103.5(1)(a) under the "rule of last resort."  *Sobolewski*, 342 F. Supp. 3d at 1189.

Policy considerations also support the application of the two-year statute of limitations.  Defendants point out that the COMPS Order

> requires that employers "retain records . . for at least 3 years after the wages or compensation were due," *see* 7 C.C.R. § 1103-1 Rule 7.3, and further permits an aggrieved employee to bring a complaint with the Division "within 2 years of the alleged violation(s), except that actions brought for a willful violation shall be commenced within 3 years."  *Id*. at Rule 8.2.

(ECF No. 22 at 4.)  In a recent opinion considering similar wage action issues, United States Magistrate Judge N. Reid Neureiter applied a two-year statute of limitations period (albeit under a *different* statutory provision, § 8-4-122) to claims arising under the COMPS Order and addressed this very issue.  *Balle-Tun*, 2022 WL 1521767, at *4.  He observed that "[r]equiring employers to keep records for a maximum of three years, but allowing plaintiffs to reach back even further"—in this case, for six years if Plaintiff were to prevail—"makes little sense."  *Id.*  Judge Neureiter also extended this reasoning to cases in which plaintiffs bring both Colorado wage claims and FLSA claims.  *Id.*  He observed that

7

> [t]he CMWA governs minimum wages under state law just as the FLSA does under federal law. The FLSA allows only two or three years for plaintiffs to bring their minimum wage claims. Thus, as the Colorado Supreme Court did in *Hernandez*, this Court finds that the FLSA's statute of limitations regime supports the application of a two-to three-year statute of limitations—a conclusion that avoids any "direct tension" with federal standards.

*Id.* at *4. The Court finds this reasoning persuasive and adopts it for purposes of this Order. Moreover, given that neither party has presented this Court with any binding authority in this case, Plaintiff's argument that he finds no precedent applying § 13-80-102(1)(i) in a similar situation is of no moment. (ECF No. 29 at 4.)

Second, Defendants argue that "7 C.C.R. 1103-1 also explicitly restricts any minimum wage claims made to an administrative board to a two or three year statute of limitations." (ECF No. 24 at 5.) Thus, they argue that "[a]pplying a six year statute of limitations to civil actions brought under the CMWA would create an internal contradiction." (*Id.*) The Court also finds this argument a strongly persuasive reason to conclude that the limitations period should be consistent, no matter what forum a plaintiff chooses to bring his or her claims. Reaching a contrary conclusion would invite unhelpful and ultimately inequitable forum shopping.

Accordingly, the Court concludes that the two-year statute of limitations applies to Plaintiff's second and fifth claims for relief that allege violations of 7 C.C.R. 1103-1 and dismisses all claims for relief that are time-barred.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Defendants' Early Motion for Partial Summary Judgment (ECF No. 22) is GRANTED;

      2.      The Court applies the two-year statute of limitations enumerated in C.R.S. § 13-80-102(1)(i) to Plaintiff's second and fifth claims for relief that allege violations of 7 C.C.R. 1103-1 and DISMISSES WITHOUT PREJUDICE all claims for relief that are time-barred; and

      3.      At such time as the Clerk of Court enters final judgment on all claims in this action he shall reference the disposition of Claims 2 and 5 in such judgment in conformity with this Order.

Dated this 24th day of July, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge