IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:22-cv-00907-WJM-SBP

RAMON ROMÁN,
on his own behalf and
on behalf of all others similarly situated

Plaintiff,

v.

MORCONAVA GROUP, LLC
d/b/a SANTIAGO'S
MEXICAN RESTAURANT,
SANTIAGO'S MEXICAN
RESTAURANT, and
CARMEN MORALES,

Defendants.

## JOINT MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

COME NOW the provisionally appointed class representative Plaintiff Ramon Román, and Defendants Morconava Group, LLC d/b/a Santiago's Mexican Restaurant, Santiago's Mexican Restaurant and Carmen Morales, who jointly move the Court pursuant to Federal Rule of Civil Procedure 23(e) to grant final approval of their proposed settlement of this class action lawsuit filed as ECF# 63-1.  By Order dated November 13, 2024, the Court preliminarily approved this proposed settlement agreement. The parties provide this joint memorandum to update the Court following their completion of the approved notice, exclusion and objection process.  ECF# 70 ¶¶

9-14.[1]  For the reasons set forth below and in the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement (ECF# 63), the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and the Class Representative identified in ECF#70 pg. 3 ¶5, (3) granting final approval of the proposed settlement agreement [ECF#63-1], (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

## I.     The Notice, Exclusion and Objection Process is Complete.

The parties timely completed the notice plan the Court Ordered.  ECF#70 pgs. 4-6 ¶¶ 9-13.  Through the approved Settlement Administrator, the parties distributed the Court's approved notice and exclusion forms [ECF#'s 63-2, 67-2] to all members of the class.  Ex. 1, Declaration of Class Administrator ¶4.  The notices issued were personalized, informing each recipient of their individual gross minimum distribution if they were to participate in this settlement, and the Court were to approve the same.  ECF#63-2 pg. 1.  Prior to mailing, the Class Administrator updated 1,163 class member addresses using the DelvePoint database.  Ex. 1, Class Admin. Decl. ¶4.  The Settlement Administrator completed mail delivery to 1,982 of the 2,359 identified class members.[2]  *Id.*  This represents an excellent 84% delivery success rate.  *Id.*  Nine class members

---

[1] Plaintiff moves separately pursuant to Fed. R. Civ. P. 54(d)(2) for approval of this Agreement's proposed award of attorney's fees and costs.  Fed. R. Civ. P. 23(h)(1).

[2] While Plaintiffs initially identified 2,614 class members, that number was inflated because some class members worked at multiple Santiago's Mexican Restaurant locations and therefore appeared in the data set multiple times, sometimes with names spelled or entered differently.

have opted-out of the proposed settlement. Ex. 1, Class Admin. Decl. ¶7. No class member has objected to the proposed settlement agreement. *Id* at ¶8.

> **II.     The Court Should Grant Final Approval of the Proposed Settlement Agreement.**
>
> **A.     The Proposed Settlement Agreement Satisfies Rule 23(e)(2) Factors.**

"The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court. [The Court of Appeals] will not set aside a class action settlement unless the trial court has abused its discretion." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

In deciding whether to approve a settlement in a class action, a court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination the Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As each of these factors is satisfied here, the Court should grant final approval to the proposed settlement agreement.

The class representatives and class counsel have adequately represented the class in this case. Fed. R. Civ. P. 23(e)(2)(A). As detailed in the parties' motion for preliminary approval, Class Counsel and the class representative have calculated and obtained adequate and equitable

3

relief for the members of the class. ECF#63 pg. 6-8; ECF#63-3 at ¶¶ 20-23. The Settlement Agreement was negotiated by experienced counsel in whose estimation the proposed agreement provides adequate relief in light of litigation risk and incomplete available evidence. ECF#63-3, Turner Decl. ¶¶ 17, 23. Class Representative Ramon Román initiated this case, sought out counsel, assisted in the preparation of pleadings and participated actively in settlement negotiation. In total, he met with counsel in person or by phone on ten occasions, sacrificing multiple work shifts and associated earnings in service to this case. He has generated $616,537.00 (net of attorney fees, the proposed incentive award and administration fees) in value for the class he seeks to represent. *Id* at ¶25.

The proposed Settlement Agreement is not the product of collusion. It was negotiated at arms-length in mediation conducted by retired Judge Elizabeth Starrs and was informed by extensive review of Defendants' voluminous records. ECF#63-3, Turner Decl. ¶18; Fed. R. Civ. P. 23(e)(2)(B).

The proposed agreement provides adequate relief for the class. Fed. R. Civ. P. 23(e)(2)(C). The proposed allocation formula would pay each class member for 23.38% of rest breaks earned, assuming that percentage of breaks were missed. ECF#63 pgs. 6-8. Given the lack of available records and the ebbs and flows in restaurant work, which influenced whether one could take a break, this payment appropriately values litigation risk. *Id.* Class Counsel has provided the Court with explanation of the formulae and data sets utilized in support of their assessment. *Id*; ECF#63-3, Turner Decl. ¶¶ 18-23.

The proposed agreement provides for a maximally effective "method of distributing relief to the class" omitting any claims procedure through which class members could default, sending

4

checks by mail to the address of all class members, and redistributing all funds in any uncashed checks back to those class members who have been reachable, rather than returning them to Defendants. ECF#63-1 pg. 13 ¶6; Fed. R. Civ. P. 23(e)(2)(C)(ii).  In the notice phase, residential mailing was effective in reaching 84% of class members.  Ex. 1, Class Admin. Decl. ¶4.

The attorney's fee award sought in the proposed settlement agreement is fair and reasonable.  Fed. R. Civ. P. 23(e)(2)(C)(iii).  The proposed Settlement Agreement would award $336,000.00 of the $1,008,000.00 class settlement amount to Plaintiffs' counsel as attorney's fees and costs.  ECF#63-1, Settlement Agreement pg. 18 ¶10.  "The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.,* Civil Action No. 09–cv–01543–REB– KMT, 2010 WL 5387559, at *5–*6 (D.Colo. Dec. 22, 2010).  By separate motion, Plaintiff will request that the Court award attorney's fees and costs constituting one third of the settlement fund.  Fed. R. Civ. P. 23(h)(1).  Class Counsel has submitted detailed billing records supporting his application for attorney's fees. ECF#63-3, Turner Decl. pgs. 12-17.  The proposed agreement provides for payment of attorney's fees and class member recovery alike 21 days after the effective date of the approved settlement agreement. ECF#63-1 pg. 25.  The relief provided to the class is fair and adequate in light of the "proposed award of attorney's fees, including timing of payment". Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement is the lone agreement between the parties and/or made in connection with this proposal.  ECF#63-1 pg. 32 ¶25; Fed.R.Civ.P. 23(e)(2)(C)(iv); Fed.R.Civ.P. 23(e)(3).

The parties' proposed settlement agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).  It would compensate the class rest period claims through

a single formula applicable to all class members.  ECF#63-3 ¶¶ 20-23.  While the class representative plaintiff will receive an additional amount, that amount is paid to resolve individual, non-class allegations of unpaid overtime wages. ECF#63 pgs. 9-10.  The proposed Settlement Agreement is fair, reasonable and adequate.

### B. The Proposed Settlement Agreement Satisfies the Tenth Circuit's Supplemental Test of Adequacy.

The Tenth Circuit set forth its four-factor test for evaluating the fairness and adequacy of proposed class settlements in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). 2018 Amendments to Rule 23(e) introduced the standard analysis above.  "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing Chavez Rodriguez v. Hermes Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020). "The Tenth Circuit's additional factors largely overlap, with only the fourth factor not being subsumed into the new Rule 23." *Id.*

The fourth of the *Nuclear Pharmacy* factors tests "the judgment of the parties that the settlement is fair and reasonable."  741 F.2d at 324.  Here, the Plaintiff Class is represented by experienced counsel.  ECF#61-3 at ¶¶ 6-10.  Given litigation risk, Class Counsel "do[es] not believe the class members would be likely to recover significantly more if they should proceed to trial." *Id* at ¶23;  *See also, Albu v. Delta Mech. Inc.*, No. 13-cv-03087-PAB-KMT, 2015 U.S. Dist. LEXIS 95485, at *9 (D. Colo. June 30, 2015) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354) (noting that settlement agreements negotiated at arm's-length by experienced counsel are

entitled to "a presumption of fairness"). In deciding this factor, "[t]he Court may also consider the fact that no objections were filed by any class members." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). It is the judgment of the parties and of the class members, who did not object, that the proposed settlement agreement is fair, reasonable and adequate.

### III.    Conclusion

Following the conduct of the final fairness hearing scheduled for April 30, 2025, the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and Class Representative identified in ECF#70 at ¶5, (3) granting final approval of the proposed settlement agreement [ECF#63-1], (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
2400 Broadway – Unit B
Boulder, CO. 80304
303-305-8230
andrew@milsteinturner.com

Class Counsel

*/s/ Derek Blass*
Derek Blass
Blass Law, LLC
3900 East Mexico Ave.
Suite 300
Denver, Colorado 80210
Phone: 303-726-7959
Email: Derek@blass-legal.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on Defendants by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record *via* e-mail.

This 13th day of March, 2025.

*/s/ Andrew H. Turner*
Class Counsel