**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 22-cv-0907-WJM-SBP

RAMON ROMÁN, on his own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

MORCONAVA GROUP, LLC d/b/a
SANTIAGO'S MEXICAN RESTAURANT,
SANTIAGO's MEXICAN RESTAURANT,
and CARMEN MORALES,

      Defendants.

---

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

      This action came before the Court at the April 30, 2025 hearing ("Fairness Hearing") to determine the fairness of the proposed Settlement presented to the Court, and the subject of this Court's Order Granting Joint Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Order").  (ECF No. 70.)  For the reasons more fully explained below, the Joint Motion for Final Approval of Class Action Settlement Agreement (ECF No. 73), Plaintiffs' Unopposed Motion for Award of Attorney's Fees and Costs (ECF No. 74), and Plaintiff's Unopposed Motion for Approval of Class Representative Enhancement (ECF No. 75) are granted.

      In so ruling, the Court observes the following: [1]

---

[1] Capitalized terms not defined in this Order and Judgment shall have the meaning set forth in the Class Action Settlement Agreement.  (*See* ECF No. 63-1.)

A.      The above-captioned action is pending in this Court, and on August 30,

2024, Named Plaintiff Ramon Román ("Named Plaintiff"), on behalf of himself and each

member of the Rule 23 Class, and Morconava Group, LLC d/b/a Santiago's Mexican

Restaurant, Santiago's Mexican Restaurant, and Carmen Morales ("Defendants")

(together with Named Plaintiff, the "Parties"), entered into the Class Action Settlement

Agreement ("Settlement Agreement") (ECF No. 63-1) that provides for a complete

dismissal with prejudice of the claims asserted against Defendants in the Action on the

terms and conditions set forth in the Settlement Agreement, subject to approval of this

Court (the "Settlement");

B.      Pursuant to the Preliminary Approval Order, entered November 13, 2024

(ECF No. 70), the Court scheduled a Fairness Hearing for April 30, 2025, to, among

other things: (i) determine whether the proposed Settlement of the Action on the terms

and conditions provided for in the Settlement Agreement is fair, reasonable, and

adequate, and should be approved by the Court; (ii) determine whether a judgment as

provided for in the Settlement Agreement should be entered; and (iii) rule on Class

Counsel's attorney fee and expense application;

C.      The Court ordered that the Notice of Settlement of Class Action Lawsuit

("Class Notice"), substantially in the form filed at ECF No. 63-2, be posted on the

settlement website, in English and Spanish, and mailed by first-class mail, postage

prepaid, in English and Spanish, on or before December 27, 2024, to all potential Rule

23 Class Members, and that a classified advertisement containing the URL address to

the settlement website be published in three consecutive issues of the *Aurora Sentinel,*

with the first such advertisement to be published by January 10, 2025;

D.     The Class Notice advised potential Rule 23 Class Members of the date, time, place, and purpose of the Fairness Hearing.  The Class Notice further advised that any objections to the Settlement were required to be filed with the Court by April 9, 2025;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On March 13, 2025, the Parties jointly moved for final approval of the Settlement, and Plaintiff moved for an award of attorneys' fees, reimbursement of expenses, and an award to Named Plaintiff, as set forth in the Preliminary Approval Order.  (*See* ECF Nos. 73–75.)  The Fairness Hearing was duly held before this Court on April 30, 2025, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered the Parties' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Settlement Agreement, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.     This Order and Judgment incorporate and make a part hereof: (i) the Settlement Agreement filed with the Court on August 30, 2024 (ECF No. 63-1); and (ii) the Class Notice, which was filed with the Court on August 30, 2024 (*see* ECF No. 63-2).

2.     This Court has jurisdiction over the subject matter of the Action and over

all Parties to the Action, including all Rule 23 Class Members.

3.      The Court hereby certifies, for the purposes of the Settlement only, the
Action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil
Procedure on behalf of the Rule 23 Class.  Excluded from the Rule 23 Class are any
persons who have properly excluded themselves by filing a valid and timely request for
exclusion ("Excluded Class Members").  (*See* ECF No. 79.)

4.      The Court finds that the mailing and publication of the Class Notice:
(i) complied with the Preliminary Approval Order; (ii) constituted the best notice
practicable under the circumstances; (iii) constituted notice that was reasonably
calculated to apprise the Rule 23 Class Members of the effect of the Settlement, of the
proposed plan of allocation, of Class Counsel's anticipated fee and expense
Application, of the Rule 23 Class Members' right to object or seek exclusion from the
Settlement Class, and of their right to appear at the Fairness Hearing; (iv) constituted
due, adequate, and sufficient notice to all Persons entitled to receive notice of the
proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal
Rules of Civil Procedure, the United States Constitution (including the Due Process
Clause).

5.      There are no objections to the proposed Settlement.

6.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this
Court hereby approves the Settlement and finds that in light of the benefits to the Rule
23 Class, the complexity and expense of further litigation, and the costs of continued
litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having
considered and found that: (a) Named Plaintiff and Class Counsel have adequately

represented the Rule 23 Class; (b) the proposal was negotiated at arm's-length; (c) the

relief provided for the Rule 23 Class is adequate, having taken into account (i) the costs,

risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

distributing relief to the Rule 23 Class, including the method of processing Rule 23

Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including

timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3);

and (d) the proposed plan of allocation treats Rule 23 Class Members equitably relative

to each other.  Accordingly, the Settlement is hereby approved in all respects and shall

be consummated in accordance with the terms and provisions of the Settlement

Agreement.

7.     The Class Action Complaint for Unpaid Wages ("Complaint"), filed on April

14, 2022 (ECF No. 1), is dismissed in its entirety, with prejudice, and without costs to

any Party, except as otherwise provided in the Settlement Agreement.

8.     Upon the Effective Date, Named Plaintiff and each of the other Rule 23

Class Members shall be deemed to have, and by operation of law and of the judgment

shall have, fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, and discharged each and every Rule 23 Claim against

Defendants and the Released Parties, and shall forever be barred, enjoined, and

precluded from prosecuting any or all of the Rule 23 Claims against any of the

Defendants or the Released Parties.

9.     Each Rule 23 Class Member is bound by this Order and Judgment,

including, without limitation, the release of claims as set forth in the Settlement

Agreement.

10.     This Order and Judgment and the Settlement Agreement, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Settlement Agreement, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a.      Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by the Named Plaintiff and the Rule 23 Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.      Do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Named Plaintiff, or any other member of the Rule 23 Class as evidence of any infirmity in the claims of Named Plaintiff, or the other members of the Rule 23 Class;

c.      Do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Named Plaintiff, any other member of the Rule 23 Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any

way referred to for any other reason against or to the prejudice of any of the

Defendants, Named Plaintiff, other members of the Rule 23 Class, or their respective

counsel, in any other civil, criminal, or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of the Settlement

Agreement;

       d.    Do not constitute, and shall not be construed against Defendants,

Named Plaintiff, or any other member of the Rule 23 Class, as an admission or

concession that the consideration to be given hereunder represents the amount that

could be or would have been recovered after trial; and

       e.    Do not constitute, and shall not be construed as or received in

evidence as an admission, concession, or presumption against Named Plaintiff, or any

other member of the Rule 23 Class that any of their claims are without merit or infirm or

that damages recoverable under the Complaint would not have exceeded the

Settlement Fund.

11.    The administration of the Settlement, and the decision of all disputed

questions of law and fact with respect to the validity of any claim or right of any Person

to participate in the distribution of the Net Settlement Fund, shall remain under the

authority of this Court.

12.    In the event that the Settlement does not become effective in accordance

with the terms of the Settlement Agreement, then this Order and Judgment shall be

rendered null and void to the extent provided by and in accordance with the Settlement

Agreement and shall be vacated, and in such event, all orders entered and releases

delivered in connection herewith shall be null and void to the extent provided by and in

accordance with the Settlement Agreement.

13.     Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

14.     The Parties are hereby directed to execute the Settlement Agreement and to perform its terms.

15.     The Court hereby finds that the proposed plan of allocation is a fair and reasonable method to allocate the Net Settlement Fund among the Rule 23 Class Members, and Class Counsel and the Settlement Administrator are directed to administer the plan of allocation in accordance with its terms and the terms of the Settlement Agreement.

16.     The Court hereby finds that Class Counsel's request for attorney's fees equivalent to one-third of the Settlement Fund, or $336,000, is reasonable in view of, among other reasons, the contingent nature of the case; the skill requisite to represent the Rule 23 Class, which here included Class Counsel's Spanish language fluency; the experience, reputation, and ability of Class Counsel, who has served as appointed class counsel in fifteen labor standards lawsuits; the undesirability of the case; and the fact that Class Counsel's request for fees is unopposed.  *See Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974).  The Court further finds that Class Counsel reasonably incurred expenses in the amount of $5,395.19, substantially related to obtaining certified translations of class notice materials and mediation fees.  Class Counsel is thus awarded his attorney's fees in the amount of **$336,000** and expenses in the amount of **$5,395.19**, plus any applicable interest.  These amounts shall be paid out of the Settlement Fund immediately following entry of this Order and Judgment subject

to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

17.    The Court hereby finds that Named Plaintiff Román's request for an award in the amount of $20,000 for costs and expenses directly relating to the representation of the Rule 23 Class is reasonable in proportion to his degree of involvement in the litigation.  Named Plaintiff Román is thus awarded in total **$20,000**, such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

18.    Without further approval from the Court, Named Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Rule 23 Class Members in connection with the Settlement.  Without further order of the Court, Named Plaintiff and Defendants may reasonably agree to extensions of time to carry out any provisions of the Settlement.

19.    Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Rule 23 Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and this Order and Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated this 2nd day of September, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge